IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MALIK SHAKUR, on behalf of A.S., )
)
    Plaintiff, )
v. ) Case No. CIV-21-542-D
)
CITY OF DEL CITY, )
)
    Defendant. )
)
)

**O R D E R**

Before the Court is the Special Entry of Appearance and Motion to Dismiss of Defendant City of Del City and Supporting Brief [Doc. No. 6]. Plaintiff did not file a response.[1]

**BACKGROUND**

Defendant City of Del City ("the City") filed the instant Motion pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).[2] The Notice of Removal [Doc. No. 1] indicates that Plaintiff is attempting to remove a case from an unnamed court. The notice states that there was an incident at a school, and the police were called. It appears that Plaintiff is attempting to sue on behalf of a student—A.S.

---

[1] Plaintiff filed a "Notice of Constitutional Question" [Doc. No. 14]. Plaintiff states that he is challenging the constitutionality of a state statute. Upon further review, however, the Court finds that Plaintiff is citing a Del City ordinance. *See* DEL CITY, OK, ORD. ch. 13, art. 1, § 13-41 (2007).

[2] In light of the Rule 12(b)(1) argument as discussed herein, the Court does not address Defendant's argument related to Rule 12(b)(6).

1

In its motion to dismiss, Defendant represents that the underlying case is a juvenile proceeding in municipal court. *See* Mot. to Dismiss [Doc. No. 6 at 1–2]. Defendant asserts that this Court lacks jurisdiction, and alternatively, that Plaintiff has failed to state a claim.

## STANDARD OF DECISION

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). In removed cases, the existence of subject matter jurisdiction is tested as of the date of removal. *See Lindsey v. Meisenheimer*, No. 97-1167-FGT, 1997 WL 695598, at *1 (D. Kan. Sept. 24, 1997). Here, the date of the attempted removal was May 24, 2021.

The legal test used in the assessment of subject matter jurisdiction depends on the type of challenge asserted. In a facial attack, a district court must confine itself to the complaint and accept the allegations as true. *Holt v. United States*, 46 F.3d at 1002. In a factual attack, however, the motion challenges the underlying factual basis for subject matter jurisdiction and the court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed facts." *Id.* at 1003; *see also Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292–93 (10th Cir. 2005). Here, Defendant challenges the sufficiency of Plaintiff's notice of removal.

## DISCUSSION

Plaintiff's attempted removal fails for procedural and substantive reasons. Procedurally, Plaintiff has not attached the "process, pleadings, and orders served upon [him]" in the underlying proceeding. *See* 28 U.S.C. § 1455(a) (providing the procedures for removal of a criminal proceeding). Thus, the Court cannot determine whether the notice of removal was timely filed. *Id.* at § 1455(b)(1). A procedural deficiency is enough to warrant remand. *See Bey v. Calle*, No. 13-CV-185-TCK-PJC, 2013 WL 1858616, at *1 (N.D. Okla. Apr. 30, 2013).

Plaintiff's attempted removal also fails substantively because he does not provide a statutory basis for removal. Plaintiff cites to 28 U.S.C. § 1443, which provides for removal of criminal prosecutions if a person "is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States." This provision requires a party to allege that "(1) the right denied arises under a civil rights law protecting against racial discrimination; and (2) the right cannot be enforced in the state court prosecution." *Bey*, 2013 WL 1858616 at *1; *see Colo v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990); *Colo. v. King*, No. 12-CR-52, 2012 WL 502446, at *2 (D. Colo. Feb. 15, 2012). Plaintiff does not provide facts to support either prong. Thus, Plaintiff has failed to allege a statutory basis for removal.

It is unclear where this case originated or whether it is still an active case. Thus, remand is impossible. Accordingly, having reviewed the notice of removal and giving Plaintiff's allegations a liberal construction in light of his *pro se* status, the Court finds that

Defendant is entitled to dismissal. Plaintiff has failed to establish a basis for this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the instant Motion [Doc. No. 6] is **GRANTED**, and the claims against the City of Del City are dismissed without prejudice. Plaintiff's Motion to Strike and Stay for Clerical Error [Doc. No. 7] is **DENIED AS MOOT.** Plaintiff's Notice of Constitutional Question [Doc. No. 14] is also **DENIED AS MOOT.**

**IT IS SO ORDERED** this 13th day of August, 2021

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge